IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 17-cv-02791-MSK-NYW

WILLIAM G. BROACH,

    Plaintiff,

v.

MUTHULAKSHMI YEGAPPAN,
ROBERT MAGNUSSON,
ANGELA MORRIS,
VANI RUSSELL,
CELIA RIFE,
JANE GILMORE,
RISHI ARIOLA-TIRELLA,
AUDREY PORRECA, and
BRENNA WOODCOCK,

    Defendants.

---

**OPINION AND ORDER DENYING MOTION TO STRIKE AND ACCEPTING FOR FILING PLAINTIFF'S PROPOSED SECOND AMENDED PRISONER COMPLAINT**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's tendered Second Amended Complaint **(# 46)**[1] and the Defendants Muthulakshmi Yegappan, Vani Russell, Brenna Woodcock, Robert Magnusson, and Audrey Porreca's Motion to Strike the Proposed Second Amended Complaint **(# 49)**, to which no response was filed.

## BACKGROUND

The Court assumes the reader's familiarity with the claims and underlying proceedings in this case. Mr. Broach is an inmate in the custody of the Colorado Department of Corrections

---

[1] Although this proposed pleading is entitled "Amended Amended Prisoner Complaint," the Court construes this as Plaintiff's proposed Second Amended Complaint.

("CDOC") and is currently incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.

On November 20, 2017, Mr. Broach initiated this case by filing a *pro se* Prisoner Complaint **(# 1)**, asserting a number of claims that the Defendants delayed in providing medical care and/or failed to provide appropriate medical care, causing him to permanently lose vision. Following the Court's initial review process pursuant to D.C.COLO.L.Civ.R 8.1(b), on November 8, 2018, Mr. Broach filed his Amended Prisoner Complaint **(# 14)**, which is the operative pleading. It asserts four claims, all under 42 U.S.C. § 1983, for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

On April 23, 2019, the Court issued an Order on various motions to dismiss **(# 45)**, dismissing without prejudice all claims against Dr. Yegappan, Dr. Magnusson, Mr. Russell, Ms. Rife, Ms. Porreca, and Ms. Woodcock pursuant to Fed. R. Civ. P. 12(b)(6) and dismissing without prejudice all claims against Dr. Morris, Ms. Gilmore, and Ms. Ariola-Tirella pursuant to Fed. R. Civ. P. 4(m). **(# 45)**. Although the Order dismissed all of the official capacity claims and the individual capacity claims, it authorized Mr. Broach to "file a motion to amend his complaint a second time," not later than May 22, 2019, provided he could "cure the deficiencies" specified in the Court's Order. **(# 45 at 12-13)**.

Presumably in response to the April 23, 2019 Order, on May 23, 2019, Mr. Broach filed an "Amended Amended Prisoner Complaint" **(# 49)**[2], which the Court now construes as a proposed Second Amended Complaint. On June 13, 2019, Dr. Yegappan, Dr. Magnusson, Mr.

---

2    Because Mr. Broach was instructed to file a motion for leave to file a second amended complaint and failed to do so, the Clerk of the Court properly designated the document as "tendered."

2

Russell, Ms. Porreca, and Ms. Woodcock filed a motion to strike the proposed Second Amended Complaint pursuant to Fed R Civ. P. 12(f).

**DISCUSSION[3]**

The Defendants argue that the proposed Second Amended Complaint should be stricken because: (i) it violates the April 23, 2019 Order and (ii) any amendment is futile because it fails to cure the defects articulated in the Court's Order. **(# 49)**.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, the court will typically do so in its discretion only "when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Seybold v. Weld Cnty. Sheriff's Office*, No. 08-cv-00916-DME-MJW, 2008 WL 4489269, at *1 (D. Colo. Oct. 1, 2008); 5A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, § 1382 (3d. ed.). Indeed, as a general matter, "motions to strike under Rule 12(f) are disfavored." *See Kimpton Hotel & Rest. Group L.L.C. v. Monaco Inn, Inc.*, 2008 WL 140488, *1 (D. Colo. Jan. 11, 2008).

A. **Motion to Amend Complaint**

As an initial matter, the Court rejects Defendants' first argument that the proposed Second Amendment Complaint should be stricken for failure to follow the Court's April 23, 2019 Order. Although it is true that Mr. Broach failed to follow the Court's April 23, 2019

---

[3]     Mr. Broach initiated this case without the assistance of an attorney. Accordingly, the Court reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Broach's filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Indeed, although he is not represented by counsel, Mr. Broach must still comply with procedural rules and satisfy substantive law to be entitled to relief. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

Order and file an appropriate motion for leave to amend along with a proposed pleading, in light of Mr. Broach's *pro se* status and the fact that the Court expressly granted him leave to move to amend his Complaint a second time, the Court will treat the proposed Second Amended Complaint as a motion for leave to amend pursuant to Fed. R. Civ. P. 15.

Rule 15(a) (2) governs the amendment of pleadings and provides that leave to amend a pleading should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a) (2). Although leave under Rule 15 should be freely granted, the Court may deny such requests where the proposed amendment or supplementation is the result of undue delay, bad faith, a dilatory motive, where it would cause prejudice to the opposing party if granted, futility of amendment, or where previous efforts to amend failed to cure deficiencies. *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

Rather than arguing that the proposed amendment is the product of undue delay or would be unduly prejudicial, the Defendants argue that the proposed Second Amended Complaint should be stricken as futile, arguing that (i) the new claims fail to state a claim and (ii) there are no factual allegations concerning many of the proposed new defendants. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. Thus, the Court treats Defendants' motion to strike as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (stating that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim").

The Court now turns to Mr. Broach's proposed Second Amended Complaint **(# 46)**, which seeks to remove some defendants while adding approximately six new defendants and brings four restated claims alleging that CDOC medical providers and officials were deliberately

4

indifferent to his serious medical needs when they delayed necessary medical care resulting in permanent vision loss.  The proposed pleading advances similar claims and facts that were previously asserted in the Amended Complaint, and it is clear to the Court that Mr. Broach attempted to follow the April 23, 2019 Order because the allegations in the proposed pleading are more detailed and include additional factual statements describing the events surrounding Mr. Broach's three eye surgeries and related medical treatment.[4]

At this juncture, the Court declines to address what are essentially Rule 12(b)(6) arguments offered in the guise of futility.  This case is still in a relatively early stage of the litigation, Mr. Broach appears *pro se*, and this is Mr. Broach's first attempt to comply with the Court's directive. The Defendants are correct that the courts have discretion to conduct a futility analysis at the time of a Rule 15 motion, but there is no requirement that the court do so. (Indeed, it may be a more sound and efficient practice in some cases for the court to grant leave to amend, despite arguments as to the futility of the amendment, and defer any Rule 12(b)(6) analysis until such a fully-developed motion is directed at the newly-amended pleading.) Rather than construe Defendants' motion to strike as a Rule 12(b)(6) motion, the Court finds justice

---

[4] In the April 23, 2019 Order dismissing Mr. Broach's claims for failure to state a claim, the Court observed that the Amended Complaint included conclusory allegations with limited, specific facts describing Mr. Broach's eye injury and subsequent medical treatment.  For example, the Amended Complaint alleged an initial eye injury that occurred in October 2016 and a CDOC policy limiting Mr. Broach's opportunity to have more than one optometry exam per year pursuant to a CDOC policy.  Despite this policy, Mr. Broach underwent a surgical procedure in February 28, 2017.  However, the Amended Complaint was "silent as to events preceding his surgery on February 28, 2017.  Although no specific facts are alleged, one can surmise that during this time period, Mr. Broach received an eye examination, a diagnosis was rendered, and surgery was recommended and authorized." **(# 45 at 2)**.  Additionally, the Court found insufficient facts were plead as to the events that occurred between Mr. Broach's first and second eye surgeries and the events following this third eye surgery.  Thus, the Court dismissed without prejudice all claims failure to state a claim under Rule 12(b)(6) but afforded Mr. Broach an opportunity to cure the deficiencies in the Amended Complaint.

would be better served by allowing Mr. Broch to amend his complaint after which the Defendants the opportunity to assert proper Rule 12(b)(6) motions once the operative complaint is in place. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## **CONCLUSION**

Accordingly, the Defendants Muthulakshmi Yegappan, Vani Russell, Brenna Woodcock, Robert Magnusson, and Audrey Porreca's Motion to Strike the Proposed Second Amended Complaint **(# 49)** is **DENIED**, and Plaintiff's tendered Second Amended Complaint **(# 46)** is accepted for filing. The Defendants shall have 21 days to file a Motion to Dismiss or Answer.

Dated this 11th day of December, 2019.

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Senior United States District Judge